United States District Court
Southern District of Texas

**ENTERED**

July 28, 2016

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3526 |
| | § | |
| MOON PALACE, INC., individually, | § | |
| and d/b/a LOS CABOS SPORTS BAR | § | |
| AND GRILL, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff J&J Sports Productions, Inc.'s ("J&J") motion for default

judgment.  Dkt. 12.  After considering the complaint, motion, and evidentiary record, the court is of

the opinion that the motion should be GRANTED against defendant Moon Palace, Inc., individually,

and d/b/a Los Cabos Sports Bar and Grill, and d/b/a Los Cabos Wings N Burger Restaurant ("Moon

Palace").

**I. BACKGROUND**

J&J was a broadcast licensee authorized to sublicense the closed-circuit telecast of the

December 8, 2012, Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Championship Fight

Program, including undercard or preliminary bouts (the "Event").  Dkt. 1 at 2.  J&J was licensed to

exhibit the Event at closed circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants,

and other commercial establishments throughout Texas.  *Id.* at 3–4.  The closed circuit broadcast of

the Event could be exhibited in a commercial establishment only if the establishment was

contractually authorized by J&J.  *Id.* at 4.  J&J contracted with various establishments throughout

the state and granted those establishments the right to broadcast the Event in exchange for sublicense

fees.  *Id.*   After receiving sublicense fees, J&J provided these establishments with the electronic

decoding capability or satellite coordinates necessary to receive the satellite transmission of the Event. *Id.*

On December 8, 2015, J&J brought this lawsuit, alleging that defendants Moon Palace, Ricky L. Ngo, and Theresa Chow Kwan violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 or 605, by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at Los Cabos Sports Bar and Grill without paying the required sublicense fee. *Id.* at 4–5. On April 28, 2016, J&J filed a notice of dismissal as to individual defendants Ricky L. Ngo and Theresa Chow Kwan. Dkt. 5. On May 3, 2016, the court granted J&J's motion for substitute service, authorizing J&J to serve Moon Palace through the Texas Secretary of State. Dkt. 8. On May 9, 2016, Moon Palace was properly served with process through the Texas Secretary of State. Dkt. 10. Moon Palace's deadline to answer or otherwise respond was May 31, 2016. *See* Fed. R. Civ. P. 12(a). Moon Palace was informed of its deadline for responding and the consequences of failing to do so. Dkt. 10. To date, Moon Palace has not answered or otherwise responded to this lawsuit.

On June 15, 2016, J&J moved for entry of default judgment against Moon Palace. Dkt. 12. Pursuant to the Local Rules of the Southern District of Texas, J&J served the motion for default judgment upon Moon Palace via certified mail, return receipt requested. *Id.* at 11; *see also* S.D. Tex. L.R. 5.5.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Moon Palace has failed to plead or otherwise defend against this lawsuit. Further, J&J properly served Moon

Palace with this lawsuit under the Federal Rules and with the motion for default judgment under the Local Rules.  Given Moon Palace's failure to answer the complaint in a timely manner, the court has the authority to enter default against Moon Palace, accept all well-pleaded facts in J&J's complaint as true, and award the relief sought by J&J in this action.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

J&J initially alleged that Moon Palace violated either 47 U.S.C. §§ 553 or 605.  Dkt. 1 at 5. J&J now moves for judgment under 47 U.S.C. § 605.  Dkt. 12 at 4.  Section 605 is applicable here because transmission of the Event originated via satellite.  Dkt. 12, Ex. 1 at 7; *see also  J&J Sports Prods., Inc. v. Flor De Cuba, TX, Inc.*, No. 13-CV-3282, 2014 WL 6851943, at *2 (S.D. Tex. Dec. 3, 2014) (Rosenthal, J.) (noting that Section 605 applies to the theft of radio and satellite communications, whereas Section 553 applies to the theft of communications from a cable network). Section 605 is a strict liability statute.  *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.). To establish liability, J&J must show that (1) the Event was exhibited in Moon Palace's establishment and (2) J&J did not authorize the particular exhibition of the Event.  *Id.*  J&J's well-pleaded complaint and affidavits establish both of these elements. Dkt. 1 at 3–5; Dkt. 12, Ex. 1 at 5–12; Dkt. 12, Ex. 1 at 21–24.

J&J seeks (1) statutory damages of $10,000; (2) additional damages of $50,000; (3) attorney's fees of either a one-third contingent fee or $1,000; (4) conditional attorney's fees; (5) costs; (6) post-judgment interest; and (7) a permanent injunction against Moon Palace.  Dkt. 12 at 10; Dkt. 12, Ex. 1 at 27–35; Dkt. 12, Ex. 2.

The court may award statutory damages between $1,000 and $10,000.   47 U.S.C. § 605(e)(3)(C)(i)(II).  The court finds that a statutory damages award of $5,000 is appropriate in this case.  J&J has not presented any evidence of the approximate capacity of the establishment.

However, there is evidence presented that shows there were approximately twenty (20) people at the establishment at the time the Event was exhibited.  *See* Dkt. 12, Ex. 1 at 22.  Therefore, J&J could have charged $2,200 for a venue comparable to Los Cabos Sports Bar and Grill.  Dkt. 12, Ex. 1 at 26 (noting a typical charge of $2,200 for a venue seating 0-100 people).  An additional $2,800 is reasonable to deter future violations.

The court may award additional damages of up to $100,000 where the violation was committed willfully and for the purposes of private financial gain or commercial advantage.  47 U.S.C. § 605(e)(3)(C)(ii).  An award of additional damages is warranted here because the evidence demonstrates that Moon Palace acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the Event to its customers. *See Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").  "The court finds that an award of additional damages equivalent to double statutory damages is appropriate."  *J&J Sports Prods., Inc. v. Fredonia Enterprises, Inc.*, No. 4:15-CV-1165, 2016 WL 258469, at *2 (S.D. Tex. Jan. 21, 2016) (Miller, J.); *see Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) (Hoyt, J.) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize Defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013).  Therefore, the court awards $10,000 in additional damages.

The court is required to award full costs, including reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii).  Attorney's fees will be awarded in the amount of $1,000 because the court finds

that four hours of work at a blended rate of $250 is reasonable.  Dkt. 12, Ex. 1 at 28–32.  Costs will

be taxed in favor of J&J.

J&J is entitled to recover damages against Moon Palace as detailed above, plus post-

judgment interest at the rate of 0.55% per annum. There shall be no award of pre-judgment interest.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees

from Moon Palace in the following circumstances:

a.  Ten Thousand Dollars ($10,000.00) in the event Moon Palace files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

b.  Fifteen Thousand Dollars ($15,000.00) in the event Moon Palace files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c.  Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

d.  Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

e.  Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should J&J obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

Finally, the court may award a temporary or permanent injunction to "prevent or restrain"

violations of the statute. 47 U.S.C. § 605(e)(3)(B)(i).  The court finds that an injunction is warranted

in these circumstances and grants J&J's request for a permanent injunction against Moon Palace.

### III. CONCLUSION

For the foregoing reasons, J&J's motion for default judgment (Dkt. 12) is GRANTED.  This judgment applies only to Moon Palace.  The court will enter a separate final judgment against Moon Palace consistent with this order.

Signed at Houston, Texas on July 28, 2016.

_____
Gray H. Miller
United States District Judge